# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 231 | **DATE** | 1/16/2004 |
| **CASE TITLE** | US ex rel. Demetrius Cogwell vs. People of the State of Illinois | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's application to proceed without prepayment of fees is denied. (3-1) The trust fund authorities are to forward the $5 filing fee to the Clerk of Court. "It plainly appears from the face of the petition... that the petitioner is not entitled to relief in the district court." That in turn calls for the summary dismissal of the Petition and this action, and this Court so orders. Petitioner's motion for leave to file instanter is granted and his motion for appointment of counsel is denied as moot. (4-1, 5-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | JAN 21 2004 | |
| | Notified counsel by telephone. | | | date docketed | 6 |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | 1/16/2004 | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| SN | courtroom deputy's initials | | | SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES ex rel.　　　　　)
DEMETRIUS COGWELL #N40397,　　)
　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　)
　　　　　　　　　　　　　　　　)
　v.　　　　　　　　　　　　　　)　　No.　04 C 231
　　　　　　　　　　　　　　　　)
PEOPLE OF THE STATE OF ILLINOIS,[1] )
　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　)

MEMORANDUM OPINION AND ORDER

Demetrius Cogwell ("Cogwell") has filed a self-prepared "Petition for Writ of Habeas Corpus Instanter"[2] ("Petition") pursuant to 28 U.S.C. §2254.[3] This memorandum opinion and order is issued sua sponte because the Petition carries its own death warrant.

Before the Petition's fatal substantive deficiency is addressed, however, a threshold matter should be dealt with. Cogwell's Application To Proceed Without Prepayment of Fees ("Application"), coupled with a printout reflecting transactions in his trust fund account at Dixon, confirms that his funds are

---

[1] This caption is of course mistaken, because the proper respondent is the Warden at Dixon Correctional Center ("Dixon"), where petitioner is in custody. That error, which has no effect on the disposition of the case, is simply noted here.

[2] "Self-prepared" is used advisedly, for Cogwell has confirmed that his papers have been prepared by what he calls a "Certififed Lawyer's Assisstant/Uniform C Law Clerk" named Sir Albert Johnson.

[3] All further references to Title 28's provisions will simply take the form "Section--."

(unsurprisingly) sufficient to pay the modest $5 fee that is required for such habeas petitions. Accordingly a copy of this memorandum order is being sent to the authorities at Dixon, who are ordered to remit the sum of $5 in payment of the fee to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and in doing so to identify Cogwell's name and the 04 C 231 case number assigned to this action.

As for the substance of Cogwell's claim, he asserts only that the evidence at his trial was insufficient to prove him guilty of first degree murder and concealment of a homicidal death beyond a reasonable doubt. To discharge its responsibilities under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), this Court has obtained and reviewed a copy of the December 10, 2996 unpublished order ("Order") of the Illinois Appellate Court for the First Judicial District in its Case No. 1-95-2273, which affirmed Cogwell's conviction and sentence--and in the course of which the Appellate Court rejected Cogwell's challenge to the sufficiency of the evidence (as already indicated, the same challenge that he seeks to present here).

In its 15-page Order the Appellate Court set out all of the trial evidence with great care and in meticulous detail, a narrative that occupied fully 11 of its 15 pages. In particular

2

the Appellate Court recounted in comparable detail the potential credibility problems posed by key witness Mitchell Loup (referred to here, as in the Order, as "Loup," although on cross examination he said his real name was Tyrone Dolliole). And the Appellate Court completed its recital of the trial evidence by describing the testimony from other witnesses who were not vulnerable to attack in the same way as Loup and who provided substantial corroboration that served to inculpate Cogwell.

Having thus reported the trial evidence, Order at 12 accurately stated and then applied the relevant standard as taught in the Illinois Supreme Court's Collins case, which has echoed verbatim the United States Supreme Court's opinion in Jackson v. Virginia, 443 U.S. 307, 319 (1979):

> Where, as here, defendant challenges the sufficiency of the evidence to sustain his convictions, it is not the function of this court to retry defendant, but to determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. People v. Collins, 106 Ill.2d 237, 261 (1985). In doing so, we note that it was the province of the trial court in this bench proceeding to determine the credibility and weight of the testimony, to resolve the inconsistencies and conflicts therein and to render its decision accordingly. People v. Berland, 74 Ill.2d 286, 305-06 (1978). In making its assessment, the trial court was not required to disregard the inferences flowing from the evidence, and we may not reverse its determination on the credibility and sufficiency of the evidence unless the evidence is so improbable as to create a reasonable doubt of defendant's guilt. People v. Hall, 114 Ill.2d 376, 409-410 (1986).

Order at 12-13 then again parsed the Loup testimony and its

corroboration by the testimony of other witnesses and went on to conclude (id. at 13):

> In light of these principles and our review of the entire record under the mandated standard, we cannot say that the trial court's findings were so unreasonable, improbable or unsatisfactory as to raise a reasonable doubt of defendant's guilt (Young, 128 Ill.2d at 52), and we therefore affirm defendant's convictions.

All of that dooms the Petition, for Cogwell flat-out fails to meet the hurdle erected by each branch of Section 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

And that being so, as Section 2254 Rule 4 puts the matter, "it plainly appears from the face of the petition...that the petitioner is not entitled to relief in the district court."[4] That in turn calls for the summary dismissal of the Petition and this action, and this Court so orders.

This dismissal of course moots any need to address the

---

[4] Though the Illinois Appellate Court's Order was not part of or annexed to the Petition, this Court can of course take judicial notice of its contents and ruling.

4

question that might provide an independent basis for dismissing the Petition: the issue of its possible untimeliness. But because Cogwell has devoted substantial attention to that question, this opinion will continue with some explanation on that score for his benefit.

In that respect, Cogwell's current filing has been submitted long after expiration of the one-year limitation period prescribed by Section 2244(d)(1). Although Cogwell's papers say that his state conviction and sentence "was affirmed by the Illinois Supreme Court on or about FEB. 2001," the response of the Illinois court personnel who were good enough to furnish the copy of the Appellate Court opinion casts that into serious question--it seems more likely that the rejection of Cogwell's appeal at the Supreme Court level took place well before that. But for present purposes this Court will assume the 2001 date to be accurate.

Even so, a habeas filing at this time obviously fails to come within the terms of Section 2244(d)(1). And the only arguable basis for the tolling of that period advanced by Cogwell is "that he is and has been under Psychiatric care since Sept. 1997 and is current under Psychiatric care within the I.D.O.C. Dixon psychiatric care unit (DXP/DPU) to date." In support of that assertion Cogwell has attached an October 1, 1997 memorandum from a staff psychiatrist at Stateville Correctional Center

(photocopy attached).

Although there appears to be little caselaw on the subject (but see, e.g., <u>Calderon v. United States District Court</u>, 163 F.3d 530, 541 (9th Cir. 1998)(en banc)), it will also be assumed for present purposes that actual mental incompetency would serve to toll the running of limitations. But psychiatric care and treatment do not correlate one-to-one with actual incompetency, as to which Cogwell has not made any showing--as he would need to if the issue were to require resolution. In any case, though, the dismissal of the Petition as substantively deficient obviates any need to pursue the subject further.[5]

_____
Milton I. Shadur
Senior United States District Judge

Date: January 16, 2004

---

[5] Two other tag ends raised by Cogwell's papers should also be dealt with just as a matter of procedure:

    1. As this opinion necessarily indicates, Cogwell's motion for leave to file the Petition instanter has been granted.

    2. Cogwell's motion for appointment of counsel is denied as moot.